## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 17-11907 |
| DYESS MEDICAL CENTER, INC. | SECTION: A |
| DEBTOR | CHAPTER 11 |

### DEBTOR'S MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 11 PROCEEDING

**NOW INTO COURT** through undersigned counsel comes Dyess Medical Center, Inc., Debtor-in-Possession (hereinafter referred to as "DMC" or "Debtor"), which seeks voluntary dismissal of this matter pursuant to 11 U.S.C. § 1112(b) and respectfully represents:

1.

On July 20, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. (P. 1)

2.

Pursuant to the Order of the Court and 11 U.S.C. §§ 1107 & 1108, the Debtor remains in possession of its assets. (P. 5)

3.

On Friday August 24, 2018 the immovable property located at #12 Westbank Expressway Gretna Louisiana 70053, was sold for $460,000 as ordered by this Honorable Court in the Tower Properties Chapter 11 proceeding bearing case No. 17-11909.

4.

The following debts of Dyess were paid at that closing as evidenced by the HUD-1:

    a. Whitney Bank Dyess debt in the amount of $43,816.15;

    b. Whitney Bank debt of Tower Properties (crossed collateralized to Dyess) in the amount of $237,680.01;

    c. Property taxes due on #12 Westbank Expressway for the years 2015 & 2016 in the amount of $15,557.05;

    d. Prorated property taxes for the year 2018 as follows:

        1. City of Gretna taxes in the amount of $2,170.88;

        2. Parish Taxes in the amount of $2,639.60.

5.

By order of the court, Dyess was authorized to enter into a lease with the purchaser or the purchaser's designee of Tower's property (P.201). At the closing, Dyess paid a deposit of $6,000 to the purchaser as well as rent for the month of September 2018 in the amount of $7,548.39. Additionally, Dyess will pay $5,000 per month for October 2018 with a 30 day notice to the purchaser/lessor. Dyess plans on providing notice to allow it to vacate the Gretna location no later than October 31, 2018.

6.

Dr. Dyess has not seen patients in Gretna since August 24, 2018. All patients will be seen by Dr. Dyess at the Slidell location.

7.

By order of Court (P. 210) the incorrectly listed unsecured debt of Ernest Eldred in the amount of $59,404.00 was removed.

8.

By order of Court (P. 209) the incorrectly listed unsecured proof of claim of The Mayhall Law Firm APLC (POC #8) in the amount of $3,906.76 was disallowed.

9.

Debtor filed an Objection to the incorrectly scheduled debt of Baker Donelson in the amount of $8,259.00 based on prescription, as the last activity/payment/charge was in 2012; this matter is set for hearing on September 25, 2018 before this Honorable Court.

10.

The Debtor filed an Ex Parte Motion to Extend Deadline to File Second Amended Disclosure Statement (P. 207). A telephonic status conference was ordered (P. 211), and held on August 28, 2018, after which an Order regarding the status conference was entered (P. 212) ordering Dyess Medical Center to file either a Motion to Dismiss or an amended disclosure statement and plan no later than September 28, 2018.

11.

Additionally, an Order granting the Ex Parte Motion to Extend Deadline to File Second Amended Disclosure Statement (P. 213) was entered, ordering Debtor to file a Motion to Dismiss or Amended Plan and Disclosure Statement no later than September 28, 2018, and further ordering that the hearing scheduled for August 31, 2018 to be continued without date.

## **RELIEF REQUESTED**

12.

Debtor requests voluntary dismissal of the matter pursuant to 11 USC § 1112(b), 11 USC § 349, Federal Rules of Bankruptcy Procedure Rule 1017 and 2002.

13.

Prior to the dismissal or within thirty days after the dismissal, Debtor will pay any and all outstanding fees to the Office of the United States Trustee as incurred pursuant to 28 U.S.C. § 1930(a)(6) and Dyess Medical Center will file all monthly reports up to the last day of operation

of the estate (the entry of the Dismissal Order) or a date ordered by the United States Trustee's Office.

## LAW AND ARGUMENT

14.

A Court may dismiss a Chapter 11 case for cause if the dismissal is in the best interest of the creditors and the estate. 11 U.S.C. § 1112(b). *In re Primestone Investment Partners, L.P.,* 272 B.R. 554, 555 (Bankr. D. Del. 2002). The determination of whether to dismiss a case under 11 U.S.C. § 1112(b) rests within the sound discretion of the Court and must be made on a case by case basis.

15.

Dismissal is in the best interest of the Creditors, as shown herein.

16.

The major asset of this Debtor is accounts receivable.

17.

Liquidation of the accounts receivable of DMC are best carried out by Dr. James Dyess and Debtor's Medical Administrator Whitney Poleto.

18.

Dr. Dyess, as the treating physician, has detailed knowledge of all medical treatment. Ms. Poleto possesses detailed knowledge of the referring attorneys as well as the patients, and the status of their litigation matters.in addition and she is best suited to in order to adequately file liens in any litigation remaining, and obtain their insurance company to file liens. DMC has registered for electronic access with state courts to independently verify the status of litigation. Failure of counsel to pay DMC for medical services from settlement or judgments is a violation of Louisiana Rules of Professional Conduct and carries a heavy penalty to counsel. Recently the Louisiana Supreme Court disbarred an attorney for, among other reasons, failure to pay medical liens. See *In re: Dunn* 2018-0340 (La. 05/11/18); 241 So.3d 984.

19.

A trustee would incur significant HIPPA problems simply reviewing this information and because any appointed trustee would not have independent knowledge of the referrals, the patients, the procedures, and progress or not of patients, collection of receivables would be much less efficient and in fact may prove to be extremely difficult or impossible to convert the services rendered into liens, or convert liens into payments.

20.

Therefore, a conversion or a liquidating Plan would be much less likely to obtain funds for the estate. Additionally a trustee would incur greater costs and operate at a lower efficiency to seek or obtain monies for the benefit of the creditors.

21.

Without a trustee monies may be paid in the normal course of business and not required to complete all or most of the collections before making distributions.

## **CONCLUSION**

22.

For the reasons contained herein, the dismissal of this Chapter 11 proceeding is in the best interest of all creditors, and the best interest of the estate.

**WHEREFORE,** Dyess Medical Center, Inc. prays that this Honorable Court, after notice, hearing, and consideration, issue an order:

1. Dismissing this matter pursuant to 11 U.S.C. § 1112(b);
2. Revesting the property, if any, in the hands of the Debtor, pursuant to 11 U.S.C. § 349(b);
3. Order Dyess Medical Center, Inc. to make all payments to the United States Trustee's Office pursuant to 28 U.S.C. § 1930(a)(6) within 30 days of the Order of Dismissal; and

4. Order Dyess Medical Center, Inc. to file all monthly reports with the United States Trustee's Office for all times, including the date of the Order of Dismissal.

Respectfully submitted,

*/S/Richard W. Martinez*

_____
**RICHARD W. MARTINEZ (#17040)**
**Richard W. Martinez, APLC**
3500 N. Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 525-3343
Email: richard@rwmaplc.com
Attorney for Dyess Medical Center, Inc.